UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILMER CUERO HINESTROZA

                                                  Case No. 8:13-CV-1778-T-27TGW
vs.                                             Case No. 8:11-CR-494-T-27TGW

UNITED STATES OF AMERICA
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's construed Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). The motion is DISMISSED.

Because Petitioner's motion constitutes a collateral attack on his conviction and the proper avenue of relief is under 28 U.S.C. § 2255, Petitioner was notified pursuant to *Castro v. United States*, 540 U.S. 375 (2003) that his motion would be re-characterized as a motion to vacate under 28 U.S.C. § 2255, and that a subsequent Section 2255 motion would be subject to the restrictions on second or successive motions (CR Dkt. 143). Petitioner was instructed that he could (1) withdraw his motion, (2) file an amended motion, or (3) have the motion construed as a Section 2255 motion as filed. Petitioner was further instructed that his motion would be construed as a Section 2255 motion if he did not respond to the Castro notice. Petitioner did not respond to the *Castro* notice.[1]

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States

---

[1] Petitioner filed a "Notice of Intent" (CR Dkt. 144) stating, "It is Petitioner's willful intent to amend said Petition . . . ." However, Petitioner did not amend his motion or file anything further. Therefore, to the extent Petitioner incorporated new "facts" into his "Notice of Intent," the Court construes said notice as a supplement/amendment to his construed § 2255 motion.

1

District Courts (2005),[2] the Court has undertaken a preliminary review of the construed Section 2255 motion and the prior proceedings in the underlying criminal case.

## Procedural History

Pursuant to a Plea Agreement, Petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States (Dkts. 49, 65). He was sentenced to 144 months imprisonment and Judgment was entered on March 15, 2012 (Dkt. 110). He did not appeal. Since Petitioner did not appeal, his conviction became final on March 29, 2012. *See Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) (conviction final when time for filing appeal expires). Petitioner's construed § 2255 motion was signed on December 23, 2012, and is deemed filed that day under the "mailbox rule." *Id.* at 1341. The motion is therefore timely. This is his first collateral attack on his sentence and conviction.

While a guilty plea does not waive subject matter jurisdiction and lack of subject matter jurisdiction may be challenged at any time, *United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002), there is no claim in Petitioner's motion that his Indictment failed to charge an offense under the United States Code or that he was convicted of a "non offense."[3] *See United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir. 2013) (where indictment does not charge an offense under the United States Code, district court is deprived of jurisdiction). Rather, his motion raises an *as applied*

---

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

[3] There is authority that a challenge to the facial constitutionality of the MDLEA constitutes a jurisdictional challenge which is not waived by a guilty plea. *See United States v. Madera-Lopez*, 190 Fed. Appx. 832, 834 (11th Cir. 2006). Notwithstanding, in this Circuit the MDLEA has consistently been upheld against constitutional challenges. *See United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003); *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003); *United States v. Estupinan-Estupinan*, 244 Fed.Appx. 308, 309-10 (11th Cir. 2007).

challenge to the MDLEA. By pleading guilty, Petitioner waived his "as applied" challenge to the constitutionality of the MDLEA, since such a challenge is nonjurisdictional. *United States v. Feaster*, 394 Fed.Appx. 561, 564 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 968 (2011).[4]

### Procedural Default

A claim that was available but was not raised in the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause and prejudice. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152 (1982). To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense" which impeded his ability to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004), *cert. denied*, 543 U.S. 891 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, a petitioner must demonstrate factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623-24.

Petitioner's claim is procedurally defaulted because he failed to raise it in the district court or on appeal. Absent a showing of cause for that failure and actual prejudice, this claim is subject to dismissal. *See Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). In this regard. Petitioner has not demonstrated either cause or prejudice. He makes no contention that he was

---

[4] Even if Petitioner's motion could be construed to include a claim of actual innocence, he fares no better. Assuming that a showing of actual innocence constitutes an exception to the AEDPA's one year limitation period, Petitioner makes no showing of actual innocence. "Actual innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). Petitioner's argument would necessarily be that his drug activities did not constitute a crime because Congress did not have the authority to proscribe narcotic trafficking on the high seas. In the context of a limitations discussion, this constitutes a claim of legal innocence as opposed to factual innocence.

prevented by "some objective factor external to the defense" which prevented him from raising his claim" on appeal. *See Lynn v. United States*, 365 F.3d at 1234. To the extent his motion is construed to include a contention that the recent decision in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) constitutes cause, he is wrong. Subsequent legal developments do not constitute cause for procedural default. *Lynn,* 356 F.3d at 1235, n. 19.

Nor has Petitioner demonstrated that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* There is no evidence that he is actually innocent. Finally, he cannot show prejudice because his claim is without merit.

### The Merits

Even if the claim is not procedurally defaulted, it has no merit. In his motion, Petitioner raises a single claim challenging application of the MDLEA to his case. Relying on *United States v. Bellaizac-Hurtado, supra*, he contends that his conviction should be vacated, arguing that the United States "has no juridicton [sic] to prosecute drug-trafficking activities occurring on other nations [sic] torritorial [sic] waters."

In *Bellaizac-Hurtado*, the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") was found unconstitutional as applied to drug-trafficking activities "in the territorial waters of Panama." *Bellaizac-Hurtado* at 1258 (emphasis added). The Court reasoned: "Because drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.* (emphasis added). *Bellaizac-Hurtado* is therefore limited to instances where a defendant is prosecuted under the MDLEA for drug activities in a foreign country's territorial waters, as opposed to international waters.

Petitioner's reliance on *Bellaizac-Hurtado* is misplaced, as *Bellaizac–Hurtado* is factually distinguishable. The vessel on which Petitioner was found was interdicted in <u>international</u> waters in the Caribbean Sea. When he pleaded guilty, Petitioner admitted that he was aboard a "stateless Self-Propelled Semi-Subversive (SPSS) operating in international waters of the Caribbean Sea." (See Plea Agreement, CR Dkt. 49, p. 12, ¶ 9). Accordingly, *Bellaizac-Hurtado* has no application to Petitioner's case. Indeed, the Court in *Bellaizac-Hurtado* recognized that Eleventh Circuit precedent has upheld the constitutionality of MDLEA prosecutions involving "conduct on the high seas." *Id.* at 1257; *see United States v. Estupinan*, 453 F.3d at 1338-39 (extraterritorial MDLEA prosecution of drug traffickers interdicted in international waters off Ecuador is constitutional exercise of authority pursuant to Piracies and Felonies Clause, which "empowers Congress '[t]o define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations.' U.S. Const., art. I, § 8, cl. 10."), *cert. denied,* 549 U.S. 1267 (2007)).

Petitioner's construed Motion to Vacate, Set Aside or Correct Sentencing Under 28 U.S.C. § 2255 (CV Dkt. 1) is therefore DISMISSED. The Clerk is directed to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal. There is no absolute right to appeal in this instance. A certificate of appealability must be issued upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537

U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the required showing.

**DONE AND ORDERED** this 17th day of July, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record